IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSHUA ALLAN PIEHLER,

       Petitioner,          Civil No. 07-219-TC

       v.                           FINDINGS AND
                                       RECOMMENDATION

CHARLES DANIELS,

       Respondent.

COFFIN, Magistrate Judge.

      Petitioner, a federal inmate incarcerated at FPC Sheridan, filed a petition under 28 U.S.C. § 2241 alleging that the Bureau of Prisons has improperly denied him eligibility for early release upon successful completion of the Residential Drug Abuse Treatment Program (RDAP)

1 - FINDINGS AND RECOMMENDATION

Petitioner was convicted in January, 2006, of Possession with Intent to Distribute a Controlled Substance pursuant to 21 U.S.C. §841(a)(1) and received a total guideline sentence of 24 months in custody followed by a three year term of supervised release. Petitioner's Pre-sentence Investigation Report indicates that petitioner possessed a weapon during the commission of his crime and received a two-point enhancement. Declaration of Neil Solomon, Exhibit 2.

On February 6, 2007, petitioner completed the RDAP and is now requesting to be immediately placed in a halfway house for the early release benefit under 18 U.S.C. §3621(e).

Respondent contends that petitioner is ineligible for early release consideration due to the weapons enhancement associated with his conviction.

Among the disqualifying criterion for a sentence reduction upon successful completion of the RDAP is the determination of whether or not the inmate has been convicted of any disqualifying felony or whether the instant offense involved the possession of a firearm. 28 C.F.R. 550.58(a)(iv and (vi).

Except as noted below, petitioner's claims in this proceeding mirror the claims rejected in Arrington v. Daniels,

2 - FINDINGS AND RECOMMENDATION

465 F.Supp.2d 1104 (D. Or., 2006) and <u>Williams v. Daniels</u>, Civ. No. 05-1346-HA (2006 U.S. Dist. Lexis 55505).[1]

Petitioner's argument that the BOP abused its discretion to exclude him from consideration for early release because of the two-point sentence enhancement was "wrongfully treated as an element of 21 U.S.C. § 841(a)(1)" is not specifically addressed in <u>Arrington v. Daniels</u> and <u>Williams v. Daniels</u>. However, I find that the court's analysis in those cases and in <u>Lopez v. Davis</u>, 531 U.S. 230, 232-233, (2001), is dispositive of petitioner's argument in this regard.

As in the present case, <u>Lopez</u> involved a drug trafficking conviction under 28 U.S.C. § 841 and a two point sentence enhancement based on a finding that the defendant possessed a firearm in connection with the offense.

In upholding the BOP's discretion to categorically exclude prisoners who were ineligible for early release consideration the court did not rely on the elements of the offense of conviction as a criteria. Rather the court relied upon the Supreme Court's recognition that it is reasonable to

---

[1] <u>Arrington</u> and <u>Williams</u> were the "lead" cases of numerous petitions under 28 U.S.C. §2241 challenging certain policy statements of the Drug and Alcohol Treatment Program implemented by the BOP as promulgated in violation of the APA.

3 - FINDINGS AND RECOMMENDATION

consider the excluded prisoners as posing a greater risk upon release and "does not cut short the considerations that may guide the BOP in implementing § 3621(e)(2)(B)." Lopez v. Davis, supra at 232-233.

Petitioner's weapons enhancement associated with his conviction resulted from petitioner's possession of a handgun at the time of his arrest, and renders him ineligible for early release under the rules upheld in Lopez and Arrington/Daniels.

Petitioner's Petition (#1) should be denied and this proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

4 - FINDINGS AND RECOMMENDATION

waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 20th day of June, 2007.

_____
Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION